IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC THORNTON,<br><br>        Plaintiff,<br>v.<br><br>WAL-MART STORES EAST, LP,<br><br>        Defendant.<br>_____ / | Civil Action File No.<br>1:21-cv-1286 |

## AMENDED RENEWAL COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff, ERIC THORNTON and states his Renewal Complaint against Defendant as follows:

This is a renewal of an action previously filed in the State Court of Fulton County under Civil Action File Number 19-C-01016-S4 with Eric Thornton as Plaintiff and Wal-Mart Stores East, LP as Defendant. Said previous action was filed on February 14, 2019. On March 11, 2019 this action was removed to the United States District Court, Northern District of Georgia, Atlanta Division under Civil Action File Number 1:19-CV-01128-ELR. Defendant Wal-Mart Stores East, LP was served on February 22, 2019. Defendant was properly served with process and/or acknowledged service, and Plaintiff voluntarily dismissed the previous action without prejudice on December 29, 2020. The previous action was filed within two years of the incident in question, was not dismissed on its merits, was not a void action, and involved substantially the same cause of action as is being asserted in this

Complaint, which is being filed within six months of the dismissal of the previous action. All costs of the previous action have been paid, and the previous action had never been previously dismissed and re-filed. Plaintiff thus has the right to bring this renewal action pursuant to O.C.G.A. § 9-2-61. File-stamped copies of the Complaint, Affidavit of Service, and Dismissal Without Prejudice are attached hereto as Exhibits "A", "B", and "C", respectively.

## PARTIES

1. Plaintiff ERIC THORNTON (hereinafter "Plaintiff"), is a resident and citizen of the State of Georgia.

2. At all times material to this action, Defendant WAL-MART STORES EAST, LP (hereinafter "Defendant") is a foreign limited partnership with its principal place of business in Bentonville, AR. Defendant WAL-MART STORES EAST, LP is licensed to do business in the State of Georgia with its registered agent for service, Corporation Process Company, located at 2180 Satellite Boulevard, Ste. 400, Duluth, Gwinnett County, Georgia 30097. Defendant Wal-Mart Stores East, LP may be served by delivering a copy of the Summons and Complaint to that address.

3. At all times material hereto, Defendant was the owner and in possession of that certain business located at 630 Collins Road, Lawrenceville, Gwinnett County, GA 30046, open to the general public, including Plaintiff herein.

## JURISDICTION AND VENUE

4. Federal diversity jurisdiction exists pursuant to 28 U.S.C. §1332. Plaintiff is a citizen and resident of Georgia. Defendant is a foreign limited partnership with its principal place of business in Arkansas. Therefore, complete diversity of citizenship exists. The amount of controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

5. Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C. §1391 because Defendant is licensed to do business in this District, a substantial part of the events upon which the claims asserted herein are based occurred in this District.

6. On or about March 5, 2017, Plaintiff visited Defendant's premises located at the above address as a business invitee and/or guest.

7. At said time and place, Plaintiff, ERIC THORNTON, was a lawfully guest upon the premises of Defendant, who owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT WAL-MART STORES EAST, LP

8. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through five (5) as if fully set forth herein.

9. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition(s) on the premises.

10. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the premises, thus creating a hazard to members of the public utilizing said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently creating a slip and fall hazard to members of the public utilizing said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect the floors of the premises, as specified above, to ascertain whether there were any substances on or condition of the floor that constituted a hazard to patrons, including Plaintiff herein, thus creating an unreasonably dangerous condition to Plaintiff;

d) Negligently failing to inspect or adequately warn Plaintiff of the danger of a slip and fall hazard, when Defendant knew or through the exercise of reasonable care should have known that said premises was unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to inspect, repair or adequately correct the unreasonably dangerous condition of the premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floors for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the floors for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the floor despite knowledge of prior slip and falls at the subject location caused by similar dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and identifying and remedying said conditions and/or warning guests of said conditions;

k) Negligently failing to assign specific associates/employees to the task of solely monitoring the floors in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting

the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

l) Negligently failing to act reasonably under the circumstances;

m) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including Plaintiff herein;

n) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

o) Negligently failing to install, maintain and provide a safe surface within the subject premises;

p) Negligently selecting and/or utilizing surface materials that failed to provide a non-slip surface for customers, including Plaintiff, when, based on Defendant's experience, Defendant knew or should have known slip and falls were likely to occur on the premises; and

q) Negligently selecting and/or utilizing floor surface material that failed to properly disperse or dissipate liquid substances, acting to make the floors slick like ice, when, based on Defendant's experience, Defendant knew or should have known slip and falls were likely to occur on the premises; and

11.   As a result, while Plaintiff was visiting Defendant's business, he slipped and fell on a slippery substance on the subject premises' floor, sustaining significant personal injuries.

12.     As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff ERIC THORNTON, sues Defendant Wal-Mart Stores East, LP for damages and demands judgment, plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT WAL-MART STORES EAST, LP

13.     Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through ten (10) as if fully set forth herein.

14.     At said time and place, Defendant owned, controlled, and/or possessed the business premises.

15.     At said time and place, and by virtue of its ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

16.     At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the floors on the premises, thus creating a hazard to members of the public utilizing said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently creating a slip and fall hazard to members of the public utilizing said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect the floors, as specified above, to ascertain whether the premises' floor, which was poorly maintained, constituted a hazard to patrons at the subject premises, including Plaintiff herein, thus creating an unreasonably dangerous condition to Plaintiff;

d) Negligently failing to inspect or adequately warn Plaintiff of the danger of the floor surface when Defendant knew or through the exercise of reasonable care should have known that said premises' floors were unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or inspect and/or maintain and/or repair and/or adequately correct and/or replace the unreasonably dangerous condition of the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floors for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the floors for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the floors despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k) Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the floors of the subject premises;

l) Negligently failing to assign specific associates/employees to the task of solely monitoring the floors on the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m) Negligently failing to act reasonably under the circumstances;

n) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including Plaintiff herein;

o) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

p) Negligently failing to install, maintain and provide safe floors within the subject premises;

q) Negligently selecting and/or utilizing floor surface material that failed to provide a non-slip surface for customers, including Plaintiff, when, based on Defendant's experience, Defendant knew or should have known trips were likely to occur on the premises;

r) Negligently selecting and/or utilizing floor surface material that failed to properly disperse or dissipate liquid substances, acting to make the stairs slick like ice, when, based on Defendant's experience, Defendant knew or should have known slips/trips were likely to occur on the premises; and

s) Negligently selecting and/or utilizing floor surface material that failed to tolerate liquid substances and/or moisture, acting to make the stairs slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the premises.

17. As a result, while Plaintiff was visiting Defendant's business, he slipped and fell on a slippery substance on the floor of the subject premises, sustaining significant personal injuries.

18. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff ERIC THORNTON sues Defendant, for damages and demands judgment plus interest and costs, and demands trial by jury of all issues so triable.

This 14th day of April, 2021.

                                            Respectfully Submitted,

                                            */s/ Nigel Phiri*
                                            Georgia Bar Number 110935
                                            *Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 965-8811
Facsimile:  (404) 965-8812